**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| THE TRUSTEES OF THE CEMENT MASONS LOCAL 165 PENSION FUND;<br><br>Plaintiffs,<br><br>v.<br><br>A.C.C.I. LLC, an Indiana limited liability Company; CNB CONSTRUCTION LLC, an Indiana limited liability company; and CARLOS BERNAL, individually,<br><br>Defendants. | ) | Case No. 2:26-cv-389 |

**COMPLAINT**

Plaintiffs, THE TRUSTEES OF THE CEMENT MASONS LOCAL 165 PENSION FUND (referred to as "Plaintiff" or "the Fund"), by and through their undersigned attorneys, Asher, Gittler & D'Alba, Ltd., complain of Defendants, A.C.C.I. LLC ("ACCI"), C.N.B. CONSTRUCTION LLC ("CNB"), and CARLOS BERNAL as follows:

**NATURE OF THE CASE**

1. This action is brought under the provisions of Sections 502(g)(2), 502 (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to collect delinquent contributions and related sums Defendants are obligated to contribute to the Funds pursuant to applicable collective bargaining agreements and plan documents.

2. Plaintiffs seek to hold ACCI and CNB jointly and severally liable for each of their unpaid obligations to the Fund because the two entities constitute a single employer and/or are

alter egos of one another. Plaintiffs further seek to pierce the corporate veil to hold Defendant Carlos Bernal personally and jointly and severally liable because he dominated and controlled both entities, failed to respect the corporate form, commingled corporate and personal assets, and used the companies as instrumentalities to avoid obligations owed under collective bargaining agreements and plan documents, pursuant to ERISA.

**JURISDICTION AND VENUE**

3. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2), which state in relevant part:

> "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

5. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

6. Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), allows a suit to "be brought…where the breach took place, or where a defendant resides or may be found." The events giving rise to this complaint took place in, and Defendants reside in or may be found in, the Northern District of Indiana.

**PARTIES**

7. The Fund is a multiemployer employee pension benefit plan as defined under Section 3(2) of ERISA, 29 U.S.C. Sec. 1002(2).

8. The Fund is a Taft-Hartley Fund, which is administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended; ERISA; and other applicable federal laws.

9. The Plaintiff Trustees are fiduciaries of the Fund within the meaning of 29 U.S.C. § 1132(e)(1).

10. The Fund receives contributions from numerous employers, including Defendants ACCI and CNB, pursuant to collective bargaining agreements, including but not limited to the Area 165, 406 and 438 collective bargaining agreement covering roads, bridges, and airports, and the Area #165 agreement ("the CBAs").

11. Upon information and belief, Defendants ACCI and CNB are members of the Northwest Indiana Contractors Association, which is signatory to the CBAs, which have been entered into between various employers and Cement Masons Local 692 ("the Union").

12. Defendants ACCI and CNB have both employed employees for work that is covered by the CBAs.

13. The Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal laws, and the Fund is administered pursuant to the terms and provisions of certain Restated Agreements and Declarations of Trust ("Trust Agreements").

14. The Fund is administered by TIC Midwest located at 6525 Centurion Drive, Lansing, Michigan 48917.

15. Defendant ACCI is an Indiana limited liability company with its principal place of business in Griffith, Indiana. Defendant Carlos Bernal is identified by the Indiana Secretary of State as ACCI's member, chief executive officer, and registered agent.

16. Defendant CNB is an Indiana limited liability company with its principal place of business in Griffith, Indiana. Defendant Carlos Bernal is identified by the Indiana Secretary of State as CNB's managing member and registered agent.

17. Upon information and belief, ACCI and CNB share common ownership, management, control of labor relations, and substantially identical business purposes. Carlos Bernal is the sole or controlling owner, member, and decision-maker of both ACCI and CNB and exercises complete control over both entities.

18. ACCI was identified during a payroll audit as a "related entity" to CNB.

19. Defendants employ or have employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreements referred to herein, by the terms of which Defendants were required to contribute to the Fund.

**COUNT 1 – DELINQUENT CONTRIBUTIONS**

20. The Fund incorporates and realleges paragraphs 1-19 as if fully stated herein.

21. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

22. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

23. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as

interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

24. The Fund receives contributions from numerous employers pursuant to collective bargaining agreements entered into between those employers and its affiliated local labor unions, including specifically agreements between the Union and Defendants. The Fund is maintained and administered in accordance with Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, other applicable federal laws, and the terms of the Trust Agreements.

25. As provided in the Trust Agreements, the Fund is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then-applicable Collective Bargaining Agreement or Agreements for the uses and purposes set forth in the Trust Agreements.

26. Defendants have repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the CBAs by which they were bound, all in violation of their contractual obligations and their obligations under applicable federal statutes.

27. As a result of Defendants' omissions and breaches, the Fund may be required either (a) to deny employee beneficiaries the benefits provided under the benefit plan because required contributions were not made, thereby causing substantial and irreparable injury to those beneficiaries, or (b) to provide benefits to Defendants' employees notwithstanding Defendants' failure to make the required contributions, thereby reducing the corpus of the Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are being made.

28. The Fund, on its own behalf and on behalf of all employees for whose benefit the Fund was established, has requested that Defendants perform their obligations, but Defendants have refused and failed to perform as alleged herein.

29. As of August 13, 2026, ACCI is delinquent to the Fund for the audit period of January 2023 through December 2023 in the total amount of $45,871.90, consisting of $23,443.50 in audit contributions, $4,688.70 in audit assessments, $12,473.50 in interest, $4,688.70 in late-payment assessments, and $577.50 in audit costs. Interest and other applicable amounts continue to accrue.

30. As of August 13, 2026, CNB is delinquent to the Fund for the audit period of January 2020 through March 2023 in the total amount of $111,185.48, consisting of $47,648.45 in audit contributions, $9,529.69 in audit assessments, $43,795.15 in interest, $9,529.69 in late-payment assessments, and $682.50 in audit costs. Interest and other applicable amounts continue to accrue.

31. The Fund is without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury unless Defendants are ordered to perform all obligations required under the Collective Bargaining Agreements and Trust Agreements and are restrained from continuing to refuse to perform those obligations.

32. Defendants' failure to pay violates the Collective Bargaining Agreements and Trust Agreements. The Fund therefore seeks enforcement of those provisions pursuant to Section 502(a)(3)(B)(ii) of ERISA and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a).

33. On January 17, 2025, in *Construction Workers Pension Trust Fund Lake County and Vicinity v. C.N.B. Construction, LLC*, No. 2:22-CV-344-PPS-JEM, 2025 WL 270320, at *3

(N.D. Ind. Jan. 17, 2025), the United States District Court for the Northern District of Indiana found that ACCI and CNB share the same business address, registered agent, and owner; operate affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, and supervision; and are jointly and severally liable as a single employer.

34. The prior court's findings establish that ACCI and CNB operated as a single employer with common ownership, management, supervision, and operations, and are a basis forholding ACCI and CNB jointly and severally liable for the delinquent contributions and related relief sought in this action. Bernal exercised control over both entities during the relevant period.

35. Upon information and belief, Bernal exercised a unity of interest and ownership with ACCI and CNB such that the separate identities of the companies and Bernal ceased to exist. Bernal used ACCI and CNB as instrumentalities of his personal business affairs and failed to maintain the entities as separate and distinct corporate enterprises.

36. Upon information and belief, ACCI and CNB failed to observe corporate formalities, operated with substantially identical ownership, management, supervision, and business purposes, and were operated in order to personally benefit Carlos Bernal.

37. Upon information and belief, Bernal used ACCI's corporate funds for personal purposes, including attendance at nightclubs, and failed to maintain a meaningful separation between ACCI's corporate assets and his personal affairs.

38. Upon information and belief, Bernal caused ACCI and CNB to incur obligations to the Fund while failing to satisfy those obligations, despite exercising complete control over whether required fringe-benefit contributions were reported and remitted.

39. Because Bernal used corporate funds of ACCI and CNB for personal benefit, rather than paying obligations to the Fund, the corpus of the Fund is endangered, causing substantial and irreparable injury to the Fund's beneficiaries.

40. Respecting the separate corporate existence of ACCI and CNB, separately from Carlos Bernal personally, would therefore sanction fraud, promote injustice, and permit Defendants to evade obligations imposed by ERISA, the applicable Collective Bargaining Agreements, the Trust Agreements, and federal labor law.

41. ACCI and CNB are jointly and severally liable to the Fund for amounts owed as described herein as a single employer and/or alter egos of one another.

42. The Fund further seeks to pierce the corporate veils of ACCI and CNB and hold Bernal jointly and severally liable for the amounts owed to the Fund by ACCI and CNB as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Fund prays:

(a) That the Court allow the corporate veil of ACCI and CNB to be pierced to hold Carlos Bernal personally liable for the debts of ACCI and CNB, including amounts owed to the Fund;

(b) That judgment be entered jointly and severally against ACCI, CNB, and Carlos Bernal in the amount of ONE HUNDRED FIFTY-SEVEN THOUSAND FIFTY-SEVEN DOLLARS AND 38/100 ($157,057.38) owed as of August 13, 2026, representing delinquent contributions, interest, liquidated damages and assessments, and audit costs, plus reasonable attorneys' fees and costs, in addition to any additional contributions, interest, liquidated damages, assessments, audit costs, and related amounts that accrue or are found owing after August 13, 2026;

(c) That the Fund be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreements, the Trust Agreements, and the applicable provisions of ERISA, as amended;

(d) That interest and/or liquidated damages be assessed against Defendants as provided in the Collective Bargaining Agreements, the Trust Agreements, and the applicable provisions of ERISA, as amended.;

(e) That Defendants are specifically ordered to furnish to the Fund the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendants' part according to the terms and conditions of the Collective Bargaining Agreements, the Trust Agreements, and the applicable provisions of ERISA, as amended; and

(f) For such other and further relief as the Court may determine just and proper.

Respectfully Submitted,

/s/ Catherine Humphrey
One of Plaintiffs' attorneys

Catherine Humphrey, ARDC No. 6345610
Naomi Frisch, IN Atty No. 39261-45
Asher, Gittler, & D'Alba, Ltd.
200 West Jackson Blvd., Ste. 720
Chicago, Illinois 60606
Phone: (312) 263-1500
Fax: (312) 263-1520
ckh@ulaw.com
naomi@ulaw.com

Date: September 2, 2026